UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CARLOS SOTO,

                        Plaintiff,                  **AMENDED COMPLAINT**

    -v-

                                                               **15-CV-1349 (VSB)(FM)**

THE CITY OF NEW YORK, and Sergeant MANUEL
FLEITES (Shield No. 688) and New York City Police
Department Police Department Officer ("P.O.") JOHN
DOE 1-2, (the name John Doe being fictitious,
as the true name and shield number is not presently
known), in their individual capacities,

                        Defendants.
------------------------------------------------------------------x

      Plaintiff Carlos Soto, through his attorneys Gillian Cassell-Stiga and David B. Rankin of Rankin & Taylor, PLLC as and for his amended complaint, does hereby state and allege:

## PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983.

2. Plaintiff Carlos Soto's rights were violated when officers of the New York City Police Department ("NYPD") unconstitutionally and without any legal basis falsely arrested him. By reason of defendants' actions, including their unreasonable and unlawful seizure of his person, he was deprived of his constitutional rights.

3. Plaintiff seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Fourth and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that plaintiff's claim arose in the Southern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

7. Mr. Soto's claims have not been adjusted by the New York City Comptroller's Office.

## PARTIES

8. Plaintiff Carlos Soto ("Soto") was at all times relevant to this action a resident of the County of New York in the State of New York.

9. Defendant The City of New York ("City") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

10. NYPD Officers John Doe 1-2 and Sergeant Manuel Fleites (Shield No. 688) are and were at all times relevant herein, officers, employees and agents of the NYPD.

11. The individual defendants are being sued herein in their individual capacities.

12. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of NYPD and otherwise performed and engaged in conduct incidental to the performance of

their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

13. The individual defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of plaintiff's rights.

14. At all relevant times the individual defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

15. The true names and shield numbers of defendant P.O. John Doe 1-2 are not currently known to the plaintiff.[1] However, they were employees or agents of the NYPD on the date of the incident. Accordingly, they are entitled to representation in this action by the New York City Law Department ("Law Department") upon their request, pursuant to New York State General Municipal Law § 50-k. The Law Department, then, is hereby put on notice (a) that plaintiff intends to name the officers as a defendants in an amended pleading once the true names and shield numbers of said defendants become known and (b) that the Law Department should immediately begin preparing their defense in this action.

## STATEMENT OF FACTS

16. Mr. Soto was unlawfully and falsely arrested by Sergeant Manuel Fleites for driving with a suspended license while he was a passenger in the back seat of a car driven by his wife, on Saint Nicholas Avenue, south of 158th Street, in the County and State of New York.

---

[1] By identifying said defendants as "John Doe" or "Richard Roe," plaintiff is making no representations as to the gender of said defendants.

3

17. On January 13, 2013 at approximately 10:00 p.m. Mr. Soto was in the process of moving with his family.

18. Mr. Soto was seated in the back seat of a vehicle along with a child, while his wife Glenda Soto drove the vehicle.

19. Not only was Mr. Soto seated in the back seat of the car, he was also immobilized by a table resting on top of him that the family was moving.

20. P.O. John Doe 1 and P.O. John Doe 2 stopped the vehicle and checked Ms. Soto's license.

21. Immediately thereafter, Sergeant Manuel Fleites, an NYPD supervisor wearing plainclothes, arrived on the scene and falsely claimed that Mr. Soto had been driving the vehicle.

22. Sergeant Manuel Fleites forcibly removed Mr. Soto from the vehicle, and administered a breathalyzer, which revealed 0.0 % alcohol in Mr. Soto's system.

23. Upon Sergeant Manuel Fleites's direction, Mr. Soto was then unlawfully and falsely arrested for driving with a suspended license.

24. Mr. Soto was taken to the 30th Precinct stationhouse where he was told by the officer assigned to the arrest, in sum and substance, that the officer would not lie on the arrest paperwork about who was driving the vehicle, and the Sergeant's role in incorrectly identifying Mr. Soto as the driver of the vehicle.

25. Mr. Soto was held in custody for approximately 11 hours before being released with a copy of a decline to prosecute form.

26. As a result of the unlawful handcuffing and arrest by the NYPD, Mr. Soto experienced pain, suffering, mental anguish, and humiliation.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF RIGHTS
## <u>UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983</u>
### (Against all Defendants)

27. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

28. Defendants, under color of state law, subjected the plaintiff to the foregoing acts and omissions, thereby depriving plaintiff of his rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights: (a) freedom from unreasonable seizure of his person; (b) freedom from arrest without probable cause; (c) freedom from false imprisonment; (d) freedom from the lodging of false charges against him by police officers; (e) freedom from having police officers fabricate evidence against him (f) freedom from having officers fail to intercede to prevent the complained of conduct; and,

29. Defendants' deprivation of plaintiff's constitutional rights resulted in the injuries and damages set forth above.

## SECOND CLAIM FOR RELIEF
## <u>LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS</u>
### (Against the City of New York)

30. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

31. At all times material to this complaint, defendant City had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

32. At all times material to this complaint, defendant City failed to properly train, screen, supervise, or discipline its employees and police officers, including defendant P.O. John

5

Does 1-2, and Sergeant Manuel Fleites and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline defendants.

33. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

34. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## JURY DEMAND

35. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a. That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation; and

b. That he be awarded punitive damages against the individual defendants; and

c. That he be compensated for attorneys' fees and the costs and disbursements of this action; and

d. For such other further and different relief as to the Court may seem just and proper.

[this portion intentionally left blank]

Dated: New York, New York
June 19, 2015

Respectfully submitted,

By: _____
Gillian Cassell-Stiga
David B. Rankin
Rankin & Taylor, PLLC
*Attorneys for the Plaintiff*
11 Park Place, Suite 914
New York, New York 1007
Ph: 212-226-4507